Connolly, Thomas E., J.
This is a ch. 30A, §14 appeal by the plaintiff, Anne Arcand, R.N., a registered nurse, of the Board of Registration in Nursing’s (“Board”) decision imposing a Reprimand on Arcand’s nursing license. The Board’s underlying charge was that Arcand diverted a vial containing 8 mg. of morphine, a controlled substance, for her own use on or about July 12, 1999 while working at the Sun Bridge Care and Rehabilitation Center in Beverly, Massachusetts. Hearings were held before an Administrative Hearings Officer on April 14, May 12 and 25, August 11 and September 8, 2004. The Hearings Officer issued a tentative decision on May 11, 2006, and the Board’s final decision was issued on July 19, 2006. The Show Cause Order alleged, in part, that Ms. Arcand diverted a vial containing 8 mg. of morphine, a controlled substance, for her own use on or about July 12, 1999 while working at the Sun Bridge Care and Rehabilitation Center in Beverly.
In short, the Board concluded that Arcand’s conduct warranted disciplinary action and that her conduct was unprofessional and tended to undermine public confidence in the integrity of the profession. The Board’s basis for its conclusion that discipline was warranted were ch. 112, §61, and 244 CMR 9.03(5), (35), (37), and (39) (all sections of the new 2000 regulations). The Board imposed a Reprimand on Arcand’s license to practice as a Registered Nurse in Massachusetts.
The plaintiff, in turn, filed this ch. 30A, §14 action for judicial review. The regulations of the Board of Registration in Nursing were changed, effective on October 13, 2000. The plaintiffs conduct which is the subject of this proceeding took place on July 12, 1999. The hearing took place in 2004 and the Board’s final decision was rendered on July 16, 2006. The hearing *569 was held under the regulations which came into effect on October 13, 2000 (“new regulations”). The Reprimand issued to Arcand was under the new 2000 regulations.
One of the issues raised is that Arcand claims that she should have received a reprimand under the pre-October 13, 2000 regulations (“old regulations”) since her actions for which she was reprimanded occurred at the time when the old regulations were in effect. The only difference between the prior and new 2000 regulations concerning the sanction of Reprimand is that under the old regulations “a reprimand did not constitute disciplinary action for purposes of application for licensure in another jurisdiction.”
Under the new regulations, Arcand would be required to report the reprimand as a disciplinary action if she applies for a nurse’s license in another state. Thus, Arcand wishes that the old regulations apply to the sanction of reprimand that she received in 2006 so that she need not report her reprimand on any application that she might make for licensure in another jurisdiction.[1] Therefore, one of the issues is whether the old or new regulations should apply to the hearing and/or sanctions issued.
The plaintiff, Arcand, also claims that the Board of Registration in Nursing took approximately seven years to process this matter. On or about August 20, 1999, the Board first issued its complaint against the Plaintiffs nursing license based on conduct that occurred on July 12, 1999. In July 2000, the Board offered the Plaintiff a 3-year voluntary surrender of her nursing license as a resolution of the matter. The Plaintiff declined the offer and indicated that the case would be tried. The Board then took no further action relative to the complaint for the next three years from July 2000 through July 2003. Apart from offering the Plaintiff the three-year voluntary surrender in July 2000, the Board basically did nothing on this complaint for four years. In July 2003, the Board issued an Order to Show Cause to which the Plaintiff filed her Answer and a request for a formal adjudicatory hearing pursuant to ch. 30A and 801 CMLR 1.01 et seq. It took another eight months for the Board to hold the first hearing. The hearings were held April 14, May 12 and 25, August 11 and September 8, 2004. It took the Hearing Officer another one year, eight months to issue his tentative decision on May 11, 2006. The Board’s Final Decision and Order was issued on July 19, 2006. It therefore took the Board of Registration in Nursing seven years to process this one claim of misconduct The plaintiff claims that she was prejudiced by the seven-year delay in the handling of this fairly simple, straightforward complaint. If the complaint had been handled promptly, the Board would have been able to issue its Final Decision, and impose its discipline of reprimand prior to the effective date of the new regulations in August 2000. The plaintiff claims that she was severely prejudiced by the Board’s failure to promptly process the complaint. If she had been reprimanded prior to the effective day of the new regulations, the reprimand would not constitute disciplinary action for purposes of application for licensure in another jurisdiction. 244 CMR 7.08(2). The post-October 13, 2000 regulations required the reporting of the reprimand when application for licen-sure in another jurisdiction would be made.[2]
I. THE DELAY AND PROCEDURE FOLLOWED BY THE BOARD OF REGISTRATION IN NURSING IN ITS PROCESSING AND ADJUDICATION OF THIS ONE SIMPLE COMPLAINT WAS UNFAIR AND BASED ON UNLAWFUL PROCEDURE.
The time line for the Board of Registration in Nursing’s actions and procedures in this case is as follows:
July 12, 1999: Act for which discipline is sought occurs.
August 20, 1999: Board issues its Complaint against plaintiffs nursing license.
July 2000: Board offers Plaintiff a three-year voluntary surrender of her nursing license. Plaintiff refuses offer and demands an adjudicatory hearing.
October 13, 2000: Board’s prior regulations, 244 CMR 7.07, are replaced by new regulations, 244 CMR 7.04 effective October 13, 2000.
July 2003: Board issues an Order to Show Cause.
April 14, May 12 and 25, August 11 and September 8, 2004: Hearings held before Hearing Officer.
May 11, 2006: Tentative Decision issued by the Hearings Officer.
July 19, 2006: Board issues final decision imposing a reprimand under the post-October 13, 2000 regulations.
This Court concurs with the Hearing Officer’s analysis of this case, as set out in footnote two above. It involves a simple, but honest mistake by a Registered Nurse, in forgetting to waste the balance of a vial of morphine sulfate, and taking it home with her. She had properly documented having withdrawn the drug from supply, and administered it to a patient in accordance with a valid medication order. This is absolutely no evidence that Ms. Arcand diverted the drug for herself or for somebody else’s use. She has a complaint-free record for her 31-year career as a Registered Nurse. Her character witnesses at the hearing were effusive in their praise of her professionalism and dedication to nursing
The Board of Nursing handling and conduct in its seven years of “processing” this matter has to make this Court, and in all likelihood the citizens of Massachusetts, ask just what is going on at the Board of Registration in Nursing in its grossly incompetent and untimely processing of this Complaint. It has put Ms. Arcand through seven years of anguish, embarrass *570 ment and concern not to mention the thousands of dollars in legal fees that she must have paid and is paying to be represented over these seven years over a simple but honest mistake.
The rules governing practice and procedure before the Board are governed by the Standard Adjudicatory Rules of Practice and Procedure. Rule 801 CMIR 1.01 (2) (b) states that the Standard Adjudicatory Rules of Practice and Procedure “shall be construed to secure a just and speedy determination of every procedure." This Court is of the opinion that the authors of the pre-2000 regulations or the post-2000 regulations most definitely would not have considered the seven years involved here to be a “just and speedy determination” of the matter.
The case of Weiner v. Board of Registration of Psychologists, 416 Mass. 675 (1993), involved complaints of sexual abuse by patients against their psychologist. There the Court held that the Board by excessive delay and other actions “abused the procedures that govern adjudicatory proceedings of this type,” and failed to construe and apply the adjudicatory rules governing its proceedings to provide a just and speedy determination of this matter." Weiner, supra at 682-83. There the Court concluded “that the Board’s decision suspending the [psychologist] was based on unlawful procedure,” reversed the decision of the Board and ordered the Board to dismiss the complaint with prejudice. Weiner, supra, at 682-83.
The Court notes that there is a recent case of In Matter of Jodie Grossman, 448 Mass. 151 (2007), which involved an eight-year delay by Bar Counsel from the time that Bar Counsel was notified of the complaint, and the filing of the Petition to Discipline. There the Supreme Judicial Court held that it was incumbent for the attorney to show substantial prejudice from the delayed investigation in order to be considered for a mitigation of the penalty to be imposed. However, in this case, if Ms. Arcand’s hearing had been promptly and properly held, Ms. Arcand would be disciplined under the pre-October 13, 2000 regulations, the reprimand would not have to be reported, as the reprimand did not constitute disciplinary action for purposes of application for licensure in another jurisdiction. The delay here by the Board became in fact very prejudicial to Ms. Arcand.
Here, just as in Weiner v. Board of Registration of Psychologists, 416 Mass. 675 (1993), the Board of Registration in Nursing caused and allowed grossly excessive delays and permitted the abuse of the procedures that govern adjudicatory proceedings of this type. In sum, the Board failed to construe and apply the adjudicatory rules governing its proceedings to provide a just and speedy determination of this matter. The Board’s decision to reprimand Anne Arcand, R.N. was based on unlawful and abusive procedures due to its inordinate seven-year delay and inaction in the processing of the Complaint. A professional person should not be required to undergo seven years of having a simple complaint pending against her, without some showing of good cause for the delay being made by the Board. Here, there has been no good cause shown by the Board for the delay, and none even attempted to be shown by the Board. The question at what point an inordinate, totally unexplained, and totally unexcused delay becomes illegal as that term is used in Weiner v. Board of Registration of Psychologists, 416 Mass. 675 (1993), so as to permit or require the dismissal of the charges is uncertain. Each case must be decided on its own facts and circumstances. However, it is clear to this Court that the point at which the Court may dismiss this case was reached a significant period of time ago. The Court believes that the Board’s action in its seven years handling and processing this specific complaint to be unconscionable and should not be tolerated.
In light of the Court’s action in finding that the Board’s conduct was illegal due to the inordinate delay, the Court does not reach the plaintiffs argument that the reprimand should have been imposed on her under the pre-October 13, 2000 regulations. In light of all the facts in this case, this Court, if the issue was to be reached, believes that basic fairness and justice would require the application of the pre-October 13, 2000 regulations.
ORDER
Anne Arcand, R.N.’s Motion for Judgment on the Pleadings is ALLOWED, the Decision of the Board of Registration in Nursing is ORDERED vacated, and the Board of Registration in Nursing is ordered to dismiss the Complaint with prejudice.
The cross motion of the Board of Registration in Nursing for Judgment on the Pleadings is DENIED.

There is no evidence that Arcand has applied for a nurse’s license in another state. It was represented at oral argument that Arcand has at all times to present been employed as a Registered Nurse in Massachusetts.

The Hearing Officer’s Report gives insight as to what happened here. ‘The plaintiff simply made a mistake in taking from the nursing home a vial filled with some amount of morphine sulfate, the remainder of a dose of the narcotic that she had documented having withdrawn from supply and having administered to a patient in accordance with a valid medication order, and which she should have appropriately wasted at the time but instead took it home.” The Hearing Officer on page 17 of the Final Decision states that “[these] events sound like a comedy of errors but it is not funny that Respondent is ... facing discipline of her nursing license due to her mistake . . .
"There is absolutely no evidence in the administrative record that the Respondent diverted morphine sulfate either for herself or for somebody else’s use . . . Respondent has a complaint-free record of 31 years as a Registered Nurse. Her character witnesses were effusive in their praise of her professionalism and dedication to nursing.” Final Report, pp. 16-17.